UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| **TONIA WILLIAMS,**<br><br>Plaintiff,<br><br>vs.<br><br>**DOLGENCORP, LLC,**<br><br>Defendant. | Case No.: 4:22-cv-35 |

## NOTICE OF REMOVAL

Defendant Dolgencorp, LLC, by counsel, hereby removes the above-entitled civil action from the Superior Court of Jackson County, Indiana to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and S.D. Ind. L.R. 81-1, for the following reasons:

1. On December 20, 2021, Plaintiff, Tonia Williams ("Williams"), filed a complaint in the Superior Court of Jackson County, Indiana, styled as *Tonia Williams v. Dolgencorp, LLC* under Case No: 36D01-2112-CT-000044. The compliant along with the other filings constituting the entire record to date is attached hereto as Exhibit A and a copy of the chronological case summary is attached hereto as Exhibit B.

2. Williams claims that on May 31, 2021, at the Dolgencorp, LLC store at 1111 W. Towne Plaza, Seymour, Indiana 47274 (Store# 20617) she "slipped and fell on a store sign that had fallen onto the floor" causing her to suffer serious injuries. (Ex. A at 1, ¶2). Williams has sued Dolgencorp, LLC for negligence, specifically premises liability. (Ex. A at 1-2, ¶¶5-8).

3. On January 19, 2022, Dolgencorp, LLC filed an answer to the complaint. (Ex. A at 10-14). Based upon Williams' claimed injury and the nature of the incident in question, the amount

1

of controversy was originally believed to be below $75,000. An incident report was completed on the date of the incident by Dolgencorp, LLC employees documenting Williams claimed injury as a "possible strain" of the "left arm, elbow (joint) hand". (Exhibit C).

4. On February 2, 2022, Dolgencorp, LLC served interrogatories and requests for production of documents on Williams. Williams responded to this written discovery on March 4, 2022. (Exhibit D). In response to the injuries she allegedly sustained as a result of the incident, Williams answered that she "sustained back, arm, bilateral leg, and buttocks pain. I was treated at Schneck Medical Center for my injuries from 05/31/21 until now. I had surgery for my shoulder." (Ex. D at 2).

5. This was Dolgencorp, LLC's first notice that the amount in controversy for diversity jurisdiction had been reached. Dolgencorp, LLC has submitted this matter for removal within thirty days of learning of the alleged amount in controversy being in excess of $75,000. Accordingly, this Notice of Removal is timely in accordance with 28 U.S.C. § 1446(b)(2)(B).

6. This Notice of Removal is brought pursuant to 28 U.S.C. §§ 1441(b) and 1446. The pending action is properly removed to the district court because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

7. The complaint is silent as to Williams' citizenship. However, Plaintiff counsel's appearance filed in the Superior Court of Jackson County, Indiana and Williams' answers to interrogatories indicates she resides at 515 E. 2nd St., Seymour, Indiana 47274. (Ex. A at 4; Ex. D at 1). Williams was also born in Jackson County, Indiana and graduated from Seymour Christian Liberty Academy (Liberty Christian Academy) in Seymour, Indiana.

(Ex. D at 1). Accordingly, Williams is a citizen of Indiana. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (internal citations omitted) ("[T]here is no statutory definition of an individual's state of citizenship. But the courts have held that it is the state of the individual's domicile—the state he considers his permanent home.").

8. Dolgencorp, LLC is a foreign limited liability company. The sole member of Dolgencorp, LLC is Dollar General Corporation. Dollar General Corporation is incorporated in Tennessee and has its principal place of business in Tennessee. Accordingly, Dolgencorp, LLC is a citizen of Tennessee. *See Cosgrove v. Brotolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company is the citizenship of each of its members).

9. Since Plaintiff and Defendant are "citizens" of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

10. The complaint is silent to the value of Plaintiff's claim. However, as noted above, Williams claims she sustained back, arm, bilateral leg, and buttocks pain and which required her to have shoulder surgery. (Ex. D at 1). Indeed, based on medical bills obtained on March 7, 2022 by undersigned, the operating room medical expenses for the shoulder surgery alone are in excess of $30,000.

11. On March 18, 2022, counsel for Dolgencorp, LLC emailed Plaintiff's counsel to inquire whether Williams would stipulate that the amount in controversy does not exceed $75,000 exclusive of interest and costs. On March 21, 2022, Plaintiff's counsel informed the undersigned that Williams would not so stipulate.

12. Based on the currently known information regarding Williams' alleged injuries, coupled with Plaintiff's counsel's unwillingness to date to stipulate to the amount in controversy

being less than $75,000 exclusive of interest and costs, Dolgencorp, LLC has a good faith basis for believing the amount in controversy exceeds $75,000 exclusive of interest and costs. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("[T]he proponent of federal jurisdiction] has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. [citation omitted]. That is easier said than done when the plaintiff, the master of the complaint . . . provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence . . . Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'").

13. This action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant, Dolgencorp, LLC, pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

14. Complete diversity exists, and the jurisdiction of this Court is proper as required by 28 U.S.C. § 1332(a), as the evidence demonstrates Plaintiff is a citizen of Indiana, and the Defendant is not a citizen of Indiana.

15. Because the state court action was filed in Jackson County, Indiana, the District Court for the Southern District of Indiana, New Albany Division is the proper venue. *See* 28 U.S.C. §§ 1441(a) and 94(a)(3).

16. On March 21, 2022, a notice of this filing will be filed in the Marion County Superior Court case via the Indiana State Court electronic filing system and will be served upon all known counsel in that case.  A copy of that notice is attached hereto as Exhibit E.

WHEREFORE, Dolgencorp, LLC, by counsel, respectfully give notices that this civil action is removed to this Court from the Jackson County Superior Court.

Respectfully submitted,

*/s/ Alex M. Beeman*
Alex M. Beeman (31222-49)
**REMINGER CO., LPA**
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN  46268
T: 317-663-8570
F: 317-228-0943
abeeman@reminger.com
*Counsel for Defendant Dolgencorp, LLC*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document has been electronically filed using the United States District Court's CM/ECF system on March 21, 2022. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Alex M. Beeman*
Alex M. Beeman (31222-49)
**REMINGER CO., LPA**